IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Jester Communications, LLC and Ackmann & Dickenson, LLC | ) Civil Action No. _____ ) ) |
| Plaintiffs, | ) **JURY TRIAL DEMANDED** ) |
| v. | ) ) |
| Brunswick Corporation | ) ) |
| Defendants. | ) ) ) ) |

## DECLARATORY JUDGMENT COMPLAINT

This is an action seeking Declaratory Judgment of ownership rights in copyright and that no copyright has been infringed by Plaintiffs. This is also an action seeking recovery of amounts owed by and due to Plaintiffs from Defendant Brunswick Corporation.

## THE PARTIES

1. Plaintiff Jester Communications ("Jester") is a limited liability company formed under South Carolina laws, with its principal place of business located at 1278 May River Road, Bluffton, South Carolina 29910.

2. Plaintiff Ackmann & Dickenson, LLC ("A&D") is a limited liability company formed under South Carolina laws, with a principal place of business at 134

Columbus Street, Charleston, South Carolina 29403. Plaintiffs are mobile application service providers.

3. Defendant Brunswick Corporation ("Brunswick") is incorporated under Delaware laws, with a principal place of business at and located at 26125 N. Riverwoods Blvd, Suite 500, Mettawa, Illinois 60045.

## JURISDICTION AND VENUE

4. This Complaint arises under the Copyright Laws of the United States, Title 17 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. Jurisdiction is proper under 28 U.S.C. §§ 1331, 1332 and 1338(a), 2201, 2202 and 1367.

## FACTUAL BACKGROUND

6. Between approximately 2000 and 2013, Jester created a novel, industry-leading, mobile application with an intuitive, user interface designed to improve the sales process. This relied upon a proprietary software product called Bolster™ that was used in the delivery of mobile application services to clients under license from Jester. Jester's Bolster™ was in use with all of Jester's clients by the latter half of 2013.

7. The parties' relationship started when, in 2013, Brunswick approached Jester Communications for help with mobile application needs in its Mercury Marine division ("Mercury Marine"). "Mercury Marine" is a tradename owned by Brunswick.

8. Consequently, on December 30, 2013, the parties entered into an agreement titled the Project Contract and Proposal, under which Jester would license Mercury

10882316v7

Marine the application and use of Jester's intellectual property (including the Bolster™ platform) and Jester would produce a mobile application for Brunswick's Mercury Marine division. Brunswick coined the name "Product Knowledge App" for its app that had customized information, data and images of Mercury Marine brand products and service offerings.

9. Under that December 30, 2013 Project Contract and Proposal, Jester provided mobile application services and was paid by Brunswick for them through regular invoicing.

10. In January 2016, the December 30, 2013 Project Contract and Proposal was superseded when the parties entered into a January 25, 2016 Master Services Agreement under which Jester would continue to provide the customized mobile application for Brunswick's Mercury Marine brand and would continue to license the software needed therefor.

11. In March 2017, the Master Services Agreement was amended to provide for a new and additional Statement of Work, Fee Schedule and Work Order entitled 2017 Statement of Work, Fee Schedule and Work Order and that was added to the Agreement as Exhibit IV, and under which Brunswick promised to pay Jester for mobile application services. A true and correct copy of the Master Services Agreement and Amendment, is attached hereto as **Exhibit 1**.

12. A&D acquired the South Carolina Jester entity in May 2017 and is the assignee of all of Jester's rights and obligations under the Master Services Agreement.

13. At all relevant times, A&D and Jester provided mobile application services customized to Brunswick with a license to Jester's intellectual property. Under neither the Master Services Agreement nor any other means was there a transfer of any intellectual property to Brunswick. Brunswick did not ever come to *own* any software or portion thereof. No content from the Mercury Marine Product Knowledge App has ever been provided in any form to other customers by A&D or Jester.

14. At all relevant times through the end of 2017, A&D and Jester invoiced Brunswick and was paid for its mobile application services.

15. In early 2018, Mercury Marine quit paying for its mobile application services, sought an end to the relationship with A&D/Jester, and claimed ownership of certain software used in connection with the delivery of the Mercury Marine mobile application needs.

16. A&D continued to provide mobile application services until March 31, 2018.

17. At all relevant times in 2018, A&D has provided Brunswick with invoices.

18. Brunswick materially breached its obligations under the Master Services Agreement by, among other things, failing to timely make payments as and when due. True and correct copies of the outstanding invoices are attached hereto as **Exhibit 2**.

19. The parties have exchanged communications on this issue, and Brunswick has maintained its positions and now alleges copyright infringement against A&D and Jester Communications.

10882316v7

20. By virtue of the circumstances, an immediate, real and justiciable controversy exists between the parties.

21. By virtue of the circumstances, a substantial controversy exists between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the parties' adverse legal interests.

22. The Court may and should exercise its broad discretion to adjudicate this action under the Declaratory Judgment Act.

## COUNT I

**Declaratory Judgment of Ownership of the Bolster™ Software Product**

23. Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-__.

24. This Declaratory Judgment Action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

25. A present, genuine and justiciable controversy exists between the parties regarding, among other things, the issue of whether ownership of any intellectual property was ever transferred to Brunswick, and specifically, whether any aspect of A&D/Jester's Bolster™ software product is owned in any part by Brunswick.

26. A&D and Jester Communications are entitled to a declaration of ownership rights.

10882316v7

## COUNT II

### Declaratory Judgment That No Copyright Interests Are Infringed.

27. Plaintiffs realleges and incorporates by reference the allegations of Paragraphs 1-__.

28. This Declaratory Judgment Action arises under the Copyright Act, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

29. An actual and justiciable controversy exists between the parties regarding whether there is any infringement of the Bolster™ software product by A&D or Jester and A&D or Jester's customers.

30. A&D and Jester Communications are entitled to a Declaration that there is no infringement.

## COUNT III

### Breach of Contract / Amounts Owed and Due

31. Plaintiffs realleges and incorporates by reference the allegations of Paragraphs 1-__.

32. The Master Services Agreement and Amendment thereto are valid and binding contracts.

33. A&D and Jester Communications have performed all of their obligations under the Master Services Agreement and Amendment thereto.

34. By its failure to pay invoices as described herein, Brunswick has materially breached its obligations under the Master Services Agreement and Amendment thereto.

35. As a direct and proximate result of Brunswick's material breaches, A&D has suffered and continues to suffer, damages.

## COUNT IV

### Alternative Claim for Unjust Enrichment

36. Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-__.

37. Jester entered into the Master Services Agreement and Amendment thereto with the reasonable expectation of payment from Brunswick.

38. Brunswick has received, retained, and enjoyed the benefit and use of mobile application services during the relevant time period.

39. Brunswick have deprived A&D thousands of dollars of earned revenue.

40. Brunswick has been unjustly enriched by retaining, utilizing and benefiting from the mobile application services during the relevant period of time while failing to make payment for the same.

41. It would be unjust for Brunswick to benefit from its wrongful conduct.

42. Brunswick would be unjustly enriched if they are allowed to refuse to pay money due and owing to A&D.

43. As a direct and proximate result of Brunswick's wrongful actions, A&D has incurred and is entitled to recover damages against Brunswick in an amount in excess of $75,000, plus all interest, charges, costs, fees, and expenses.

**DEMAND FOR JURY TRIAL**

44. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial as to all matters so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Brunswick:

A. Declaring that Brunswick holds no copyright ownership interests in the Bolster™ software product;

B. Declaring that there is no copyright owned by Brunswick that is or could be infringed by Plaintiffs' or any of Plaintiffs' customers;

C. Awarding A&D the amounts due from Brunswick for mobile application services delivered; plus interest, charges, costs, fees, and expenses as provided by law;

D. Awarding Plaintiffs any other compensatory and/or exemplary damages;

E. Awarding Plaintiffs their attorneys' fees, costs and expenses in this action under 17 U.S.C. § 505; and

F. Awarding such other and further relief as this Court may deem just and equitable.

10882316v7

Dated: July 16, 2018        s/Kristine M. Boylan
                  Kristine M. Boylan
                  N.D. Ill. Reg. No. 90785470
                  BRIGGS AND MORGAN, P.A.
                  80 South Eighth Street, Suite 2200
                  Minneapolis, Minnesota 55402
                  Phone: (612) 977-8400
                  kboylan@briggs.com

                  *Attorneys for Plaintiffs*